IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRST MAGNUS FINANCIAL )
CORPORATION, )
 )
      Plaintiff, )
 )
vs. ) No. 03 C8052
 )
LESZEK DOBROWSKI a/k/a MAREK )
MAKA; et al., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

On February 9, 2005, plaintiff filed motions for summary judgment against Omega Financial Enterprises, Inc. (Omega), Maya Jordan (Jordan) and MVP Appraisals and Consultants (MVP). None of these defendants has filed a response. We grant the motions and enter judgment against each of them, jointly and severally, but we need a better calculation of damages.

Jordan, an employee of MVP, submitted an appraisal of the subject property in which she concluded that the property included a residence in "very good" condition. That was false. Indeed, the property included a residence, but it was in such poor condition that it was slated for demolition by the City of Chicago (and was subsequently demolished). According to plaintiff's statement of material facts, admitted because never disputed, no one had inspected the property. The appraisal was part of a mortgage loan package submitted by Omega to plaintiff. Omega's agreement with plaintiff included indemnification of plaintiff for any losses occasioned by errors of Omega, including attorneys' fees. Since the false appraisal led to litigation against others, plaintiff is entitled to attorneys' fees against Jordan and MVP as well.

Champion Parts, Inc. v. Oppenheimer & Co., 878 F.2d 1003, 1006-07 (7th Cir. 1989).

Plaintiff has established that as of January 1, 2005, the amount that it paid to repurchase the mortgage was $194,947.45, that the interest it was supposed to get was 7.85% per year, and that its attorneys' fees were $108,038.77. But not all of that is a dead loss. It has a first lien on the property, which was later appraised as worth $110,000. To be sure, foreclosure costs something (we do not know the status of the property – perhaps there has been a foreclosure or the property has been sold), but once the action to quiet title succeeded, plaintiff had something of considerable value. Further, during the period plaintiff did not own the mortgage it is entitled to the statutory, not contract, interest rate. Plaintiff is directed to submit a recalculation of damages within 21 days with, perhaps, an updated appraisal.

                                                            JAMES B. MORAN
                                                            Senior Judge, U. S. District Court

June 2, 2005.